IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |  |
|---|---|---|---|
| KAREN JESSO; | ) | | |
| MICHAEL JESSO; | ) | | |
| CAFÉ BORGIA, INC.; and | ) | | |
| CAFÉ BORGIA REAL ESTATE, LLC., | ) | Hon. | FILED: MAY 27, 2008 |
| | ) | | 08CV3047          TG |
| Plaintiffs, | ) | | JUDGE GETTLEMAN |
| v. | ) | No. | MAGISTRATE JUDGE DENLOW |
| | ) | | |
| DANIEL R. PODGORSKI, Liquor | ) | | |
| Commissioner, in his Official Capacity; | ) | Jury Demand | |
| VILLAGE OF LANSING BOARD OF | ) | | |
| TRUSTEES, in its Official Capacity; and | ) | | |
| VILLAGE OF LANSING, a Municipal | ) | | |
| Corporation, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## VERIFIED COMPLAINT

NOW COME Plaintiffs, KAREN JESSO, MICHAEL JESSO, CAFÉ BORGIA, INC.,

and CAFÉ BORGIA REAL ESTATE, LLC., by and through their attorneys, KULWIN,

MASCIOPINTO & KULWIN, LLP., and in support of their Complaint against Defendants,

verify and state as follows.

## NATURE OF THE CASE

1.      This is an action arising from Defendants' violation of Plaintiffs' due process

and equal protection rights arising under the United States Constitution and 42 U.S.C. §

1983 and for which Plaintiffs seek damages and injunctive relief.  As described below,

Defendants have arbitrarily ignored Plaintiffs' application to renew their long-standing local

liquor license without providing Plaintiffs with any notice or hearing as required by the Due

Process Clause of the United States Constitution.  Defendants also have wrongfully denied

Plaintiffs their local liquor license in violation of the Equal Protection Clause because

Defendants have routinely approved such applications to other similarly situated individuals

in the past.   In addition, Defendants have violated Plaintiffs' due process and Fifth

-1-

Amendment rights because Defendants have taken Plaintiffs' liquor license – which is owned by Plaintiffs – without providing any just compensation.

## PARTIES

2.    Plaintiff KAREN JESSO is an individual and resident of Munster, Indiana and at all times was an owner of Plaitniff CAFÉ BORGIA, INC., a restaurant located at 17923 Torrence Ave., Lansing, Illinois, in the Northern District of Illinois.

3.    Plaintiff MICHAEL JESSO is an individual and resident of Munster, Indiana and at all times was an owner of Plaitniff CAFÉ BORGIA, INC., a restaurant located at 17923 Torrence Ave., Lansing, Illinois, in the Northern District of Illinois.

4.    Plaintiff CAFÉ BORGIA, INC. is a privately owned Illinois corporation, which during the time in question, had its principal place of business in the Northern District of Illinois, and was operated as an Italian restaurant, located in Lansing, Illinois.

5.    Plaintiff CAFÉ BORGIA REAL ESTATE, LLC. is a limited liability corporation which presently owns the building out of which Plaintiff CAFÉ BORGIA, INC. operated in Lansing, Illinois, namely, 17923 Torrence Ave., Lansing, Illinois (the "Lansing Building"). The member owners of Plaintiff CAFÉ BORGIA REAL ESTATE, LLC. are and have been Plaintiff KAREN JESSO and Plaintiff MICHAEL JESSO.

6.    Defendant DANIEL R. PODGORSKI is the Mayor of the Defendant VILLAGE OF LANSING, and pursuant to section 5-3 of the Village of Lansing Municipal Code ("Lansing Code") is the President of the Defendant VILLAGE OF LANSING BOARD OF TRUSTEES and therefore serves as the Village's Local Liquor Commissioner.

7.    Defendant VILLAGE OF LANSING BOARD OF TRUSTEES is responsible for enacting ordinances and formal policy relating to the Village's dispensation of local liquor licenses. Also, Defendant VILLAGE OF LANSING BOARD OF TRUSTEES is responsible for holding public hearings on the revocation or non-renewal of local liquor

licenses.

8.      Defendant VILLAGE OF LANSING is a municipal corporation located in Cook County and the Northern District of Illinois.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction of this action by virtue of 28 U.S.C. §1343(a)(3) and §1343(a)(4), authorizing jurisdiction over claims brought under 42 U.S.C. §1983 to enforce rights guaranteed by the United States Constitution, and by virtue of 28 U.S.C. §1331, authorizing jurisdiction over claims that raise federal questions.

10.     Venue is proper in the Northern District of Illinois, pursuant to 28 U.S.C. §1391(b), because Defendants reside in this district and a substantial part of the claim occurred in this district.

## RELEVANT FACTS

11.     In approximately, 1978, Plaintiffs purchased the building located at 17923 Torrence Ave., Lansing, Illinois (the "Lansing Building"), and later, in the early 1980's, purchased an adjoining parcel of land to use for parking.

12.     In or about the middle 1980's, Plaintiffs began operating an Italian restaurant out of the Lansing Building called Café Borgia.

13.     Throughout the middle 1980's and up to approximately 1994, Plaintiffs repeatedly sought a local liquor license from the Village of Lansing, only to be told that no new applications were being issued and there were no new licenses to be had by anyone.

14.     In or about January 1994, the Village of Lansing announced that it was issuing a new local liquor license in order to facilitate the sale of a building between two private individuals, so that a previously closed restaurant, called Pipes and Pizza, could be purchased by new ownership and reopened with the ability to sell alcohol.

15.     In or about early 1994, Plaintiffs finally received an application for a local

16.     In response, in or about April 1994, Plaintiffs initiated litigation against the Village of Lansing for the denial of their 1994 application for a local liquor license.

17.     In or about the summer of 1995, the Village of Lansing and Plaintiffs settled their dispute by an agreement in which the Village of Lansing, through its attorney, specifically approved and authorized Plaintiffs' purchase of a local liquor license from an individual who previously operated a local bowling alley.

18.     Thereafter, from approximately 1995 through December 2005, Plaintiffs submitted yearly applications to renew their local liquor license, which renewal applications were routinely approved.

19.     Pursuant to Lansing Code §5-68, renewal applications for local liquor licenses may only be denied for cause.

20.     In or about 2005, Plaintiffs expended substantial sums of money, in sums totaling hundreds of thousands of dollars, to remodel the Lansing Building, including but not limited to, installing new awnings and an entirely new exterior.

21.     In or about late 2005 or early 2006, Defendants authorized an expansion of Plaintiffs' local liquor license to include hard alcohol, as well as beer and wine.

22.     In or about late 2006, Plaintiffs decided to open a another restaurant location, this one in Indiana.

23.     In or about late 2006, Plaintiffs listed the Lansing Building for sale, although at the time, they had not decided to close Café Borgia in Lansing and considered having two restaurant locations.

24.     In or about December 2006, Plaintiff KAREN JESSO called Defendant PODGORSKI, inquiring why Defendants had not yet sent to Plaintiffs their local liquor license renewal application.

-4-

25. During this conversation, Defendant PODGORSKI stated that Plaintiffs would not be receiving a renewal application or local liquor license for 2007 because Plaintiffs were opening another restaurant in a new city and had made Defendant PODGORSKI, as Mayor of Lansing, "look like a fool."

26. By the end of December 2006, after complaining to the Village of Lansing's Chamber of Commerce and some additional discussions, Defendants did finally deliver to Plaintiffs a renewal application for their local liquor license, which was ultimately approved for 2007.

27. In or about August 2007, Plaintiffs had yet to sell or lease the Lansing Building to another restauranteur, at least in part, because of Defendants' refusal to provide prospective purchasers with any reasonable certainty about their future ability to sell alcohol on the premises.

28. In or about August 2007, Plaintiffs opened their second restaurant location in Munster, Indiana.

29. In or about August 2007, Plaintiffs were forced to temporarily shut down the restaurant operations in Lansing, Illinois because of a skilled labor shortage that prevented Plaintiffs – at the time – from operating both of their locations.

30. On or about December 27, 2007, Plaintiffs' business attorney went to the offices of Defendant PODGORSKI to inquire why Plaintiffs had not yet received their local liquor license renewal application like every other local liquor license holder.  Exhibit A (12/27/07 letter, incorporated herein by reference).

31. On or about December 27, 2007, Plaintiffs' business attorney was informed by representatives of the Defendant VILLAGE OF LANSING that Defendant PODGORSKI had left explicit instructions that Plaintiffs were not to receive a renewal application unless Plaintiffs first met with Defendant PODGORSKI.  Plaintiffs' business attorney was further

informed that Defendant PODGORSKI was out of town until after the first of the new year, at which time Plaintiffs' 2007 local liquor license would expire and any renewal application filed thereafter would be null and void pursuant to Section 5-69 of the Lansing Code. Exhibit A (12/27/07 letter, incorporated herein by reference).

32.     Later on or about December 27, 2007, Plaintiffs' business attorney corresponded with the attorney for the Defendant VILLAGE OF LANSING, explaining Plaintiffs' request for a renewal application for its local liquor license, and the Defendant PODGORSKI's wrongful denial to issue a renewal application. Exhibit B (12/27/07 letter, incorporated herein by reference).

33.     Plaintiffs' December 27, 2007 letter to the attorney for the Defendant VILLAGE OF LANSING concluded by stating, "[The] direction not to allow my client to file a timely renewal application is tantamount to taking their license without due process of law." Exhibit B (12/27/07 letter, incorporated herein by reference).

34.     Shortly after sending this letter dated December 27, 2007, Plaintiffs, through their business attorney, received a renewal application for their local liquor license. On December 28, 2007, Plaintiffs, through their business attorney, submitted to Defendants their completed renewal application and included a check in the amount of $1,000, as required. Exhibit C (Renewal application, incorporated herein by reference) & Exhibit D (1/16/08 letter, incorporated herein by reference).

35.     On or about January 16, 2008, Plaintiffs' business attorney sent another letter to Defendant PODGORSKI, explaining that Plaintiffs had yet to receive their 2008 local liquor license. In his January 16, 2008 correspondence, Plaintiffs' business attorney stated:

> I am requesting that you issue their license for 2008 or indicate
> in writing why you are not going to issue their license, or why
> you are going to delay issuing their license. As far as I know,
> my client have no violations against them and they fully qualify

-6-

in every regard to have their liquor license renewed for the year 2008.

Exhibit D (1/16/08 letter, incorporated herein by reference).

36.    As of this filing, Defendants have refused to deliver Plaintiffs' local liquor license for 2008 – and have provided no notice or hearing related to Plaintiffs' application for renewal of its local liquor license – which in turn has caused a cessation of any restaurant activities within the Lansing Building.

37.    There is no cause within the meaning of Lansing Code §5-68 for Defendants' refusal to renew Plaintiffs' local liquor license.

## COUNT 1 – (PROCEDURAL DUE PROCESS VIOLATION)

1-38.    Plaintiffs incorporate the foregoing paragraphs 1-8 and 11-37 as and for this paragraph 1-38 of this Count.

39.    Plaintiffs have a property interest – within the meaning of the due process clause of United States Constitution – in the renewal of their local liquor license, pursuant to well established federal law, *e.g., Club Misty, Inc. v. Laski*, 208 F.3d 615 (7th Cir. 2000) and *Reed v. Village of Shorewood*, 704 F.2d 943 (7th Cir. 1983), and pursuant to Lansing Code §5-68, which only permits non-renewal of a local liquor license for cause.

40.    Plaintiffs also have a property interest in their local liquor license because, in the summer of 1995, Defendant VILLAGE OF LANSING, by and through the Village attorney, specifically approved and authorized Plaintiffs' purchase of the liquor license from an individual who previously operated a local bowling alley.

41.    Contrary to Plaintiffs' procedural due process rights to notice and a hearing, Defendants never responded to Plaintiffs' renewal application, dated and received by Defendants on December 28, 2007.  Exhibit C & D.

42.    Because of Defendants' non-action, Plaintiffs are being deprived of their right to appeal their matter to the State of Illinois Liquor Commission, which has jurisdiction to

accept such an appeal only based on the review of the official record of the formal proceedings before Defendant PODGORSKI.  *See* Lansing Code, § 5-33 ("All appeals to the Illinois Liquor Control Commission by a village liquor licensee of a decision, order or action by the local liquor control commissioner . . . shall be limited to review of the official record of the formal proceedings before the commissioner").

43.    Defendants' actions, and each of them, were done under color of law to deprive Plaintiffs of their procedural due process rights under the Fourteenth Amendment to the U.S. Constitution and thus subject Defendants to liability pursuant to 42 U.S.C. § 1983.

44.    Defendant VILLAGE OF LANSING is liable for the violation of Plaintiffs' procedural due process rights because the acts of Defendant PODGORSKI and/or the Defendant VILLAGE OF LANSING BOARD OF TRUSTEES, and each of them, including but not limited to their refusal to provide Plaintiffs with notice and a hearing for their *de facto* refusal to renew Plaintiffs' local liquor license, were made in their respective capacities as having final authority and policy making responsibility for the Defendant VILLAGE OF LANSING.

45.    As a direct and proximate result of the above-described unlawful and unconstitutional acts, policies, and/or customs of the Defendants, Plaintiffs, and each of them, have suffered injury and damage, including but not limited to, lost income, mental and emotional anguish and distress, and attorneys' fees and costs.

46.    As a direct and proximate result of the above-described unlawful and unconstitutional acts, policies, and/or customs of the Defendants, Plaintiffs, and each of them, have suffered irreparable injury, for which no adequate remedy at law exists, including but not limited to being deprived of their rights guaranteed under the United States Constitution and being wrongfully deprived of notice and a hearing on their renewal

## **Prayer for Relief**

WHEREFORE, Plaintiffs request that this Court:

A.     Order Defendants to provide Plaintiffs with their procedural due process rights, which would include but not necessarily be limited to, either approval of their license renewal application or, in the alternative, notice and a public hearing;

B.     Order Defendants to make Plaintiffs whole by providing appropriate monetary relief caused by Defendants' illegal and unconstitutional practices, policies, and customs, including but not limited to lost income, mental distress damages, attorneys' fees, costs, and exemplary or nominal damages, if appropriate; and

C.     Enjoin Defendants from: (i) reissuing the local liquor license previously issued to Plaintiffs to some other entity or person, and/or (ii) cancelling the local liquor license previously issued to Plaintiffs and/or reducing the number of total available local liquor licenses pursuant to Lansing Code § 5-54(b) or any other Village ordinance.

## **COUNT 2 – (FIFTH AMENDMENT/DUE PROCESS VIOLATION)**

1-47.   Plaintiffs incorporate the foregoing paragraphs 1-8 and 11-37 as and for this paragraph 1-47 of this Count.

48.     Defendants have unconstitutionally deprived Plaintiffs of their private property without just compensation.

49.     Plaintiffs possess a substantive property right, and ownership interest, in their local liquor license because, in the summer of 1995, the Defendant VILLAGE OF LANSING, by and through the Village attorney, specifically approved and authorized their purchase of the liquor license from an individual who previously operated a local bowling alley called Moeller's Lanes.

50.     Defendants have unconstitutionally taken Plaintiffs' local liquor license by

refusing to approve Plaintiffs' liquor license renewal application, dated and received on December 28, 2007, and never reissuing Plaintiffs' local liquor license.

51.     Defendants have offered no compensation in return for taking Plaintiffs' local liquor license.

## Prayer for Relief

WHEREFORE, Plaintiffs request that this Court:

A.     Order Defendants to provide Plaintiffs with their local liquor license;

B.     Order Defendants to make Plaintiffs whole by providing appropriate monetary relief in exchange for Defendants' illegal and unconstitutional taking of Plaintiffs' private property; and

C.     Enjoin Defendants from: (i) reissuing the local liquor license previously issued to Plaintiffs to some other entity or person, and/or (ii) cancelling the local liquor license previously issued to Plaintiffs and/or reducing the number of total available local liquor licenses pursuant to Lansing Code § 5-54(b) or any other Village ordinance.

## COUNT 3 – (EQUAL PROTECTION VIOLATION)

1-52.   Plaintiffs incorporate the foregoing paragraphs 1-8 and 11-37 as and for this paragraph 1-52 of this Count.

53.     Defendants have violated Plaintiffs' equal protection rights under the Fourteenth Amendment to the U.S. Constitution, because Defendants have intentionally treated Plaintiffs differently from others similarly situated to them, and there is no rational basis for Defendants' treatment which is rooted in Defendant PODGORSKI's illegitimate animus for Plaintiffs.

54.     Upon information and belief, Defendants have in the past approved local liquor license renewal applications to businesses that are not then operating, either because they have gone out of business, are temporarily closed, and/or are being sold.

55.     For instance, and by way of example only, on information and belief, in 1995, Moeller's Lanes, Inc. had gone out of business, but Defendant VILLAGE OF LANSING and Defendant VILLAGE OF LANSING BOARD OF TRUSTEES allowed Moeller's Lanes, Inc. not only to retain its local liquor license but actually obtain consideration from a private entity in return for the sale of that local liquor license.

56.     Defendant PODGORSKI has admitted to Plaintiff KAREN JESSO that he has refused to rule upon, and/or grant, Plaintiffs' local liquor license renewal application, not for legitimate reasons, but because Plaintiff KAREN JESSO made him "look like a fool."

57.     Defendants' actions, and each of them, were done under color of law to deprive Plaintiffs of their equal protection rights under the Fourteenth Amendment to the U.S. Constitution and thus subject Defendants to liability pursuant to 42 U.S.C. § 1983.

58.     Defendant VILLAGE OF LANSING is liable for the violation of Plaintiffs' equal protection rights because the acts of Defendant PODGORSKI and/or the Defendant VILLAGE OF LANSING BOARD OF TRUSTEES, and each of them, including but not limited to their refusal to renew Plaintiffs' local liquor license, were made in their respective capacities as having final authority and policy making responsibility for the Defendant VILLAGE OF LANSING.

59.     As a direct and proximate result of the above-described unlawful and unconstitutional acts, policies, and/or customs of the Defendants, Plaintiffs, and each of them, have suffered injury and damage, including but not limited to, lost income, mental and emotional anguish and distress, and attorneys' fees and costs.

60.     As a direct and proximate result of the above-described unlawful and unconstitutional acts, policies, and/or customs of the Defendants, Plaintiffs, and each of them, have suffered irreparable injury, for which no adequate remedy at law exists, including but not limited to being deprived of their rights guaranteed under the United

Constitution and being wrongfully deprived of their local liquor license.

## **Prayer for Relief**

WHEREFORE, Plaintiffs request that this Court:

A.      Order Defendants to provide Plaintiffs with their equal protection rights, which would include but not necessarily be limited to, approving their license renewal application;

B.      Order Defendants to make Plaintiffs whole by providing appropriate monetary relief caused by Defendants' illegal and unconstitutional practices, policies, and customs, including but not limited to lost income, mental distress damages, attorneys' fees, costs, and exemplary or nominal damages, if appropriate; and

C.      Enjoin Defendants from: (i) reissuing the local liquor license previously issued to Plaintiffs to some other entity or person, and/or (ii) cancelling the local liquor license previously issued to Plaintiffs and/or reducing the number of total available local liquor licenses pursuant to Lansing Code § 5-54(b) or any other Village ordinance.

## **COUNT 4 – (EQUAL PROTECTION VIOLATION)**

1-61.   Plaintiffs incorporate the foregoing paragraphs 1-8 and 11-37 as and for this paragraph 1-61 of this Count.

62.     Defendants have violated Plaintiffs' equal protection rights under the Fourteenth Amendment to the U.S. Constitution, because Defendants have intentionally treated Plaintiffs differently from others similarly situated to them, and there is no rational basis for Defendants' treatment which is rooted in Defendant PODGORSKI's illegitimate animus for Plaintiffs.

63.     Upon information and belief, Defendants have in the past assured prospective purchasers of closed restaurants that they would approve a local liquor license in order to facilitate the sale of that closed restaurant.

64.     For instance, and by way of example only, on information and belief, in early

-12-

1994, Defendant VILLAGE OF LANSING and Defendant VILLAGE OF LANSING BOARD OF TRUSTEES assured a prospective purchaser of Pipes and Pizza restaurant that it would receive a new liquor license, in order to facilitate the sale of that closed restaurant/building.

65.     Defendant PODGORSKI has admitted to Plaintiff KAREN JESSO that he has refused to rule upon, and/or grant, Plaintiffs' local liquor license renewal application, not for legitimate reasons, but because Plaintiff KAREN JESSO made him "look like a fool."

66.     Defendants' actions, and each of them, were done under color of law to deprive Plaintiffs of their equal protection rights under the Fourteenth Amendment to the U.S. Constitution and thus subject Defendants to liability pursuant to 42 U.S.C. § 1983.

67.     Defendant VILLAGE OF LANSING is liable for the violation of Plaintiffs' equal protection rights because the acts of Defendant PODGORSKI and/or the Defendant VILLAGE OF LANSING BOARD OF TRUSTEES, and each of them, including but not limited to their refusal to renew Plaintiffs' local liquor license, were made in their respective capacities as having final authority and policy making responsibility for the Defendant VILLAGE OF LANSING.

68.     As a direct and proximate result of the above-described unlawful and unconstitutional acts, policies, and/or customs of the Defendants, Plaintiffs, and each of them, have suffered injury and damage, including but not limited to, lost income, mental and emotional anguish and distress, and attorneys' fees and costs.

69.     As a direct and proximate result of the above-described unlawful and unconstitutional acts, policies, and/or customs of the Defendants, Plaintiffs, and each of them, have suffered irreparable injury, for which no adequate remedy at law exists, including but not limited to being deprived of their rights guaranteed under the United Constitution and being wrongfully deprived of their local liquor license.

**Prayer for Relief**

WHEREFORE, Plaintiffs request that this Court:

A.    Order Defendants to provide Plaintiffs with their equal protection rights, which would include but not necessarily be limited to, approving their license renewal application;

B.    Order Defendants to make Plaintiffs whole by providing appropriate monetary relief caused by Defendants' illegal and unconstitutional practices, policies, and customs, including but not limited to lost income, mental distress damages, attorneys' fees, costs, and exemplary or nominal damages, if appropriate; and

C.    Enjoin Defendants from: (i) reissuing the local liquor license previously issued to Plaintiffs to some other entity or person, and/or (ii) cancelling the local liquor license previously issued to Plaintiffs and/or reducing the number of total available local liquor licenses pursuant to Lansing Code § 5-54(b) or any other Village ordinance.

Respectfully Submitted,

KULWIN, MASCIOPINTO & KULWIN, LLP.

By:_____
Anthony J. Masciopinto
One of the Attorneys for Plaintiffs

Shelly B. Kulwin
Anthony J. Masciopinto
Jeffrey R. Kulwin
KULWIN, MASCIOPINTO & KULWIN, LLP.
161 North Clark Street, Suite 2500
Chicago, Illinois 60601
T:  312.641.0300; F: 312.855.0350
amasciopinto@kmklawllp.com

Pursuant to 28 U.S.C. §1746, the undersigned declares, certifies, and verifies under penalties of perjury under the laws of the United States of America that the foregoing facts of Plaintiffs' Verified Complaint are true and correct, except as to those matters stated to be on information and belief and as to such matters, the undersigned declares, certifies, and verifies as aforesaid that she verily believes the same to be true.

05-23-08
Date

KAREN JESSO, Individually and as
the Duly Authorized Representative of
CAFÉ BORGIA, INC. and
CAFÉ BORGIA REAL ESTATE, LLC.

08CV3047                    TG
JUDGE GETTLEMAN
MAGISTRATE JUDGE DENLOW

**W. LEE NEWELL, JR.**

ATTORNEY AT LAW
134 PULASKI ROAD
CALUMET CITY, ILLINOIS 60409
TELEPHONE (708) 891-6200
FAX (708) 891-0809

December 27, 2007

Village of Lansing
Attn: Daniel Podgorski, Mayor
via Telefax 708-895-6878

> Re: Cafe Borgia, Inc.
>     Liquor License Application for
>     Renewal

Dear Mayor Podgorski:

    Please be advised that I represent Cafe Borgia, Inc. who are the holders of a liquor license in the Village of Lansing.

    My client informed me that they never received an application to renew their existing liquor license. As I understand, that application is customarily mailed to each license holder. In any event they did not receive theirs. Accordingly I went to your office today and I was informed that you had issued instructions not to give my client a renewal application unless they first met with you. Your secretary indicated that you would be "out of town" until after the first of the year.

    It is my further understanding that the renewal application is due by December 31, 2007. If you are out of town, conveniently, or otherwise, and you won't allow my clients to have a renewal application, their liquor license will lapse after 12/31/07.

    This letter is a request that your office fax to my office immediately, an application to renew their liquor license. Your failure so to do will be considered accordingly. My client has no violations against them, and they fully qualify in every regard to maintain their existing license.

Yours very truly,

W. Lee Newell Jr.

**EXHIBIT**
A

cc: Dale Anderson, Village Attorney

08CV3047                      TG
JUDGE GETTLEMAN
MAGISTRATE JUDGE DENLOW

# W. LEE NEWELL, JR.

### ATTORNEY AT LAW
134 PULASKI ROAD
CALUMET CITY, ILLINOIS 60409
TELEPHONE (708) 891-6200
FAX (708) 891-0809

12/27/08

Dale Anderson, Attorney for Lansing
via telefax 708-895-8815

Re: Cafe Borgia  Inc.

Dear Mr. Anderson:

I am sending this to you in your capacity as attorney for the Village of Lansing.

Attached is a copy of the letter I faxed to the Mayor of Lansing. It is self explanatory.

At this time my client wants to apply to renew their existing license. If the Mayor thinks that the application should be rejected, that is his perrogative. But his direction not to allow my client to file a timely renewal application is tantamont to taking their license without due process of law.

Yours very truly,

W. Lee Newell Jr.



RECEIVED
DEC 28 2007
VILLAGE OF LANSING

## APPLICATION FOR LIQUOR LICENSE
## VILLAGE OF LANSING
### 18200 Chicago Av.
### Lansing, IL 60438

08CV3047         TG

JUDGE GETTLEMAN

MAGISTRATE JUDGE DENLOW

License No. __15__

Date Issued: __12/31/06__

Expires: __12/31/07__

Fee Received: __1000__

********************************************************************

The undersigned hereby makes application for the issuance of a liquor license,
as hereinafter indicated, for the period ending __December 31__  20 __08__,
making as part of said application, the following statements:

## CLASS OF LICENSE APPLIED FOR:

CLASS: __1 General__         (As previously licensed)

1.   Licensee __Cafe Borgia, Inc.__
              (Individual, Partnership, Corporation)

2.   Doing business as: __Cafe Borgia__
              (Name of Establishment)

3.   Address of Business: __17923 Torrence Avenue, Lansing, Il.__


4.   Character of Business: __Restaurant__
              (Restaurant, Grocery, Drugs, etc.)

5.   In the past year, have any incidents of unusual nature taken place in this
     business that would jeopardize the issuance of this license?
     Yes (     )  No ( x )

6.   Check and fill out if applicable
     Assumed names:              Date filed with County Clerk:_____
     Partnership:                Date of formation:_____
     Illinois Corporation:       Date of incorporation: __11/26/86__
     Foreign Corporation:        State of incorporation:_____
     Foreign Corporation:        Date qualified to do business in IL.____

*Attach to this application a copy of any document(s) relating to your
response to number 6.

EXHIBIT

tabbies

C

Page 2

7.  Give your current State License Number:__ 07-1A-0021385 _____

8.  Give date you began liquor sales at the premises:_____ 6/10/95

9.  If business premise is leased, give names and address of landlord:

Name_____

Address:_____
    Street      City, State, Zip, Phone
Term of Lease:_____
 **Attach a copy of said lease to this application.

10. Is the location of applicant's business for which license is sought within
one hundred feet of any church, school, hospital, home for the aged or
indigent persons or for veterans, their spouse or children, or any naval or
military station?____ No _____
(A) If answer to above is "YES", is applicant's place of business a hotel
offering restaurant service, a regularly organized club, food shop, or
other place where the sale of liquor is not the principal
business?_____
(B) If answer to (A) is "YES", how long has the place of business been
operating?_____

11. If applicant warehouses liquor, give warehouse address:

Address:_____

City, State, Zip_____

12. ILLINOIS BUSINESS TAX (IBT) Registration No.: 1936-7872 _____

13. Give Document Control Number of your Federal Tax Stamp:

2006-354-901-022; 2007 Applied for _____

14. Are you delinquent in payment of Illinois Business Tax?
YES ( ) NO ( x )

15. If retailer, are you delinquent under the 30 day Credit law?
YES ( ) NO ( x )

16. Give your current business telephone number: (708 ) 474-5515 _____

**Page 3**

17.  If licensee is a corporation, insert name, address and telephone number, and submit a recent photo of resident manager:

Jose R. Lopez
_____
Name

1660 182nd St., Lansing, Il. 60438   708-743-9636
_____
Address                                    Phone number

Questions 18 through 26 are directed to the applicant and other persons listed in question 27. If any questions are answered YES, provide full explanation on separate sheet and attach same to this application.

18.  Have you ever made an application for a Liquor License that has been denied?  YES (    ) NO ( x )

19.  Have you ever had a previous Liquor License suspended/revoked? YES (    ) NO ( x )

20.  Have you ever been convicted of a Misdemeanor or Felony?  YES (    ) NO ( x )

21.  Have you ever been convicted of a Gambling Offense?  YES (    ) NO ( x )

22.  Do you possess a Federal Wagering or Gaming Device Stamp? YES (    ) NO ( x )

23.  Are you, or any other person, directly or indirectly involved in this place of business, a public official? YES (    ) NO ( x )

24.  Have you, or any other person, directly or indirectly involved in this place of business ever used an assumed name? YES (    ) NO ( x )

25.  Have you, or any other person, directly or indirectly involved in this place of business ever declared bankruptcy? YES (    ) NO ( x )

26.  Will the applicant or other members of the Corporation or Partnership actively manage this business? YES ( x ) NO (    )

27.  Individual applicant, sole owner, partnership, corporate officers, stockholders, (owning the aggregate more than 5% of the stock, including parent corporations), managers or agents conducting the business, must supply the following information. If additional space is needed, attach a supplement in the same format.

**Page 5**

## DOCUMENTATION REQUIREMENTS
### (NEW APPLICANTS OR TRANSFEREES ONLY)

1.    Certified copy of birth certificate.

2.    Certified copy of citizenship Papers (If foreign born)

3.    Drivers License (to establish residency, or,

4.    Voters Registration Card (to establish residency)

**THE DOCUMENTS THAT ARE REQUIRED WILL BE PRESENTED ALONG WITH THE APPLICATION. IF ONE OR MORE OF THESE DOCUMENTS CANNOT BE PRESENTED AT THE TIME OF THE APPLICATION, A LETTER WILL BE REQUIRED TO EXPLAIN THE REASON FOR THE NONCOMPLIANCE OF THIS PROJECT. A VERBAL EXPLANATION FOR THE NONCOMPLIANCE WILL NOT BE ACCEPTED.**

State of Illinois)
                  )          SS
County of Cook)

### A F F I D A V I T

The undersigned, being the applicant or authorized agent thereof, swear or affirm that the matters stated in the foregoing application are true and correct, and are made of my personal knowledge and information, and are made for the purpose of requesting the Village of Lansing to issue the license herein applied for and that the applicant is qualified and eligible to obtain the license applied for.

I further swear of affirm that the applicant or his agents will not violate any laws of the United States of America, the State of Illinois, or the ordinances of the Village of Lansing, Cook County Illinois.

_____
Signature of Applicant or Authorized Agent

Attorney at Law
_____
Title or Position

12/28/07
_____
Date signed

Subscribed and sworn before me this ___28th___ day of December , 2 007 .

Notary Public: _Connie J. Tolbert_ _____

```
OFFICIAL SEAL
CONNIE J. TOLBERT
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 8-31-2008
```

Page 4

## (PLEASE PRINT)

27a.

Name Karen Jesso _____ Title Vice President-Sec

Address 1729 Apple Blossom Dr. Munster, Ind. 46321

Date of birth 06/07/55 _____ Place of birth East Chicago, In.
                                                   City and state
Social Security No. 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 _____ % Owned 50%


Name Michael Jesso _____ Title President-Treasurer

Address 8120 Hohman Ave., Munster, Ind. 46321

Date of birth 8/9/61 _____ Place of birth Hammond, In.
                                                   City and state
Social Security No. 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 _____ % Owned 50%


Name Jose R. Lopez _____ Title Manager

Address 1660 182nd St., Lansing, Il. 60438

Date of birth 1/29/78 _____ Place of birth Mexico
                                                   City and state
Social Security No. 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 _____ % Owned 0%


Name_____ Title_____

Address_____

Date of birth_____ Place of birth_____
                                                   City and state
Social Security No._____ % Owned_____


(NOTE; If, during the licensed period, any person NOT named in question 27
becomes an owner of record of more than 5% of the business stock, the
Corporation must furnish the Commissioner within twenty days of the transaction,
the name of the person(s) involved, the position held, and the percentage that is
owned.)

# *Village of Lansing*

### COOK COUNTY, ILLINOS

*Mayor*
**DANIEL PODGORSKI**

*Clerk*
**JEAN EISHA**



18200 CHICAGO AVENUE
LANSING, ILLINOIS 60438
PHONE:   (708) 895-7200
FAX:     (708) 895-6878

*Trustees*

NORMAN ABBOTT        PATRICIA EIDAM
ANTHONY DE LAURENTIS DAWN MYERS
NANCY EICHHORN       ROBERT RYAN

## FACSIMILE TRANSMISSION SHEET

TO: *W. Lee Newell, Jr.*

FAX NO.: *891-0809*

DATE: *12/28/07*

NO. OF PAGES: *6*
(INCLUDING COVER PAGE)

FROM: *Village of Lansing - Mayor's Office*

PHONE NO.: *895-7208*

SUBJECT: *Application for Liquor License*

COMMENTS: _____

_____

_____

IF YOU HAVE ANY PROBLEMS WITH THE TRANSMISSION OR IF YOU WISH TO
CONFIRM ITS RECEIPT, PLEASE CONTACT THE PERSON BELOW AT 708-895-
7200.

TRANSMITTED BY: *hd*

*5:00 pm*

*$1000⁰⁰*

08CV3047                    TG
JUDGE GETTLEMAN
MAGISTRATE JUDGE DENLOW

**W. LEE NEWELL, JR.**
**Attorney at Law**
**134 Pulaski Road**
**Calumet City, IL  60409**
**708-891-6200**
**fax  708-891-0809**

January 16, 2008

By fax to 708-895-6878

Village of Lansing

Attn:   Daniel Podgorski, Mayor

RE:     Café Borgia, Inc
        Liquor License Application for Renewal

Dear Mayor Podgorski:

As I have heretofore advised you, I represent Café Borgia, Inc.

On December 28, 2007, I personally delivered my client's application to renew their existing liquor license, to your Office and at that time I tendered my check for $1,000.00 along with said application.

I checked with my bank today and that check has not yet been submitted.  My client's have not, as yet, received their liquor license for 2008.

On behalf of my clients, I am requesting that you issue their license for 2008 or indicate in writing why you are not going to issue their license, or why you are going to delay issuing their license.    As far as I know, my clients have no violations against them and they fully qualify in every regard to have their liquor license renewed for the year 2008.

Please let me hear from you as soon as practicable.

Very truly yours,

W. Lee Newell, Jr.

WLN:mo



EXHIBIT

MEMORY TRANSMISSION REPORT

TIME : 01-16-2008 04:39PM
TEL NUMBER : +17088910809
NAME : LAW OFFICES OF NEWELL/PRANSKE

| | |
|---|---|
| FILE NUMBER | : 756 |
| DATE | : 01-16 04:37PM |
| TO | : 8956878 |
| DOCUMENT PAGES | : 001 |
| START TIME | : 01-16 04:38PM |
| END TIME | : 01-16 04:39PM |
| SENT PAGES | : 001 |
| STATUS | : OK |

FILE NUMBER : 756 *** SUCCESSFUL TX NOTICE ***

W. LEE NEWELL, JR.
Attorney at Law
134 Pulaski Road
Calumet City, IL 60409
708-891-6200
fax 708-891-0809

January 16, 2008

By fax to 708-895-6878

Village of Lansing

Attn: Daniel Podgorski, Mayor

RE: Café Borgia, Inc
Liquor License Application for Renewal

Dear Mayor Podgorski:

As I have heretofore advised you, I represent Café Borgia, Inc.

On December 28, 2007, I personally delivered my client's application to renew their existing liquor license, to your Office and at that time I tendered my check for $1,000.00 along with said application.

I checked with my bank today and that check has not yet been submitted. My client's have not, as yet, received their liquor license for 2008.

On behalf of my clients, I am requesting that you issue their license for 2008 or indicate in writing why you are not going to issue their license, or why you are going to delay issuing their license. As far as I know, my clients have no violations against them and they fully qualify in every regard to have their liquor license renewed for the year 2008.

Please let me hear from you as soon as practicable.

Very truly yours,

W. Lee Newell, Jr.

WLN:mo