# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KAREN JESSO, MICHAEL JESSO, CAFÉ BORGIA, INC., and CAFÉ BORGIA REAL ESTATE, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> DANIEL R. PODGORSKI, Liquor Commissioner, in his official capacity; VILLAGE OF LANSING BOARD OF TRUSTEES, in its official capacity; and VILLAGE OF LANSING, a municipal corporation, <br><br> Defendants. | Case No. 08-cv-3047 <br><br> Judge Sharon Johnson Coleman <br><br> Magistrate Judge Morton Denlow |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Karen Jesso, Michael Jesso, Café Borgia, Inc. and Café Borgia Real Estate, LLC (collectively "Plaintiffs") filed a four count complaint against Defendants Daniel R. Podgorski ("Podgorski"), in his official capacity as Liquor Commissioner of the Village of Lansing, and the Village of Lansing ("Lansing" or "the Village")[1] stemming from Defendants' alleged failure to act upon Plaintiffs' application for a renewal of a liquor license for the 2008 calendar year. Plaintiffs now move the Court for summary judgment on Counts I and II of the complaint while Defendants seek summary judgment on all four counts. For the reasons that follow, Plaintiffs' Motion for Summary Judgment is granted in part and denied in part. Defendants' Motion for Summary Judgment is granted in part and denied in part.

---

[1] Plaintiffs agreed to dismiss the Village of Lansing Board of Trustees as a defendant. (Dkt. No. 30.)

**BACKGROUND**

The following relevant facts are undisputed, unless specified otherwise. Plaintiffs began operating an Italian restaurant in Lansing, Illinois in 1986. (Corrected Defs.'s Resp. to Pls.'s Rule 56.1 Statement of Facts ("Defs.'s Resp.") ¶ 1.) Lansing, Illinois was very conservative in issuing local liquor licenses. (Pls.' Resp. to Defs.' Rule 56.1 Statement of Facts ("Pls.' Resp.") ¶ 21.) In 1993, Plaintiffs applied for a local liquor license for calendar year 1994 and initiated legal proceedings when the application was denied. (*Id.* at ¶ 23.) As part of a settlement agreement, the Village issued Plaintiffs a local liquor license in 1995 to sell beer and wine. (*Id.* at ¶ 24.) From 1995 until 2007, Plaintiffs submitted a yearly renewal application and the Village approved Plaintiffs' local liquor license for the following calendar year. (Defs.' Resp. ¶ 31.) Defendant Podgorski served as the Mayor and Liquor Commissioner for the Defendant Village from 2001 until 2008. (*Id.* at ¶ 5.)

In 2004, Plaintiffs began renovations on their Lansing restaurant. (*Id.* at ¶ 32.) After the renovations were completed in 2005, the Village authorized an expansion of Plaintiffs' local liquor license to include hard alcohol in addition to beer and wine. (*Id.* at ¶ 33.) In 2005, Plaintiffs initiated plans to open a second restaurant in Munster, Indiana and subsequently listed their Lansing restaurant for sale or lease in 2006. (Pls.' Resp. ¶¶ 6, 8; Defs.' Resp. ¶ 36.) Plaintiffs allege that when they attempted to renew their Lansing liquor license in 2006 for the 2007 calendar year, Defendant Podgorski informed Plaintiff Karen Jesso that she made him "look like a fool" by persuading him to expand Plaintiffs' liquor license and then listing the Lansing restaurant for sale or lease. (Defs.' Resp. ¶¶ 40, 42.) Nonetheless, Defendants approved Plaintiffs' renewal application for the calendar year 2007. (*Id.* at ¶ 44.)

In August 2007, Plaintiffs opened their new restaurant in Munster, Indiana. (*Id.* at ¶ 45.) Plaintiffs moved their entire staff and management to the Munster location and closed the Lansing restaurant. (Pls.' Resp. ¶¶ 10-11, 13.) Plaintiffs have not operated the Lansing restaurant since August 6, 2007. (*Id.* at ¶ 17.) In late December 2007 when the Lansing restaurant was closed, Plaintiffs completed a liquor license renewal application for the calendar year 2008. (*Id.* at ¶ 31.) Plaintiffs alleged that the Lansing restaurant was only temporarily closed at the time that the renewal application was completed and that they were considering different alternatives to reopen the restaurant. (Defs.' Resp. ¶ 48.) The Village did not renew Plaintiffs' local liquor license for calendar year 2008. (Pls.' Resp. ¶ 34.) Defendants admit that the Lansing Liquor Code requires a formal proceeding and official record before an individual may file an administrative appeal of a Liquor Commission decision. (Defs.' Resp. ¶ 60.) The parties dispute whether Defendants provided Plaintiffs with notice or a public hearing regarding Plaintiffs' renewal application for calendar year 2008. (*Id.* at ¶ 57.)

On May 27, 2008, Plaintiffs filed a four count complaint asserting various constitutional claims stemming from Defendants' alleged failure to act upon Plaintiffs' renewal application for a local liquor license for 2008. (Dkt. No. 1.) The complaint alleges that: Defendants violated Plaintiffs' due process rights as protected by the Fourteenth Amendment when Defendants failed to act upon Plaintiffs' liquor license renewal application without providing Plaintiffs with any notice or an opportunity to be heard (Count I); Defendants violated Plaintiffs' due process rights as protected by the Fifth Amendment when Defendants failed to offer just compensation when they refused to renew Plaintiffs' liquor license for 2008 (Count II); Defendants violated the equal protection clause of the Fourteenth Amendment by treating Plaintiffs differently than others similarly situated, including Moeller Lanes, with no rational basis and rooted only in

Defendant Podgorski's illegal animus for Plaintiffs (Count III); and Defendants violated the equal protection clause of the Fourteenth Amendment by treating Plaintiffs differently than others similarly situated, including Pipes and Pizza Restaurant, with no rational basis and rooted only in Defendant Podgorski's illegal animus for Plaintiffs (Count IV). (*Id*.)

## **LEGAL STANDARD**

Summary judgment is appropriate when the "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Vision Church v. Vill. of Long Grove*, 468 F.3d 975, 988 (7th Cir. 2006); FED. R. CIV. P. 56(c). The moving party bears the initial burden of demonstrating that there is no genuine issue of material fact, and judgment as a matter of law should be granted in its favor. *Vision Church*, 468 F.3d at 988. Once the moving party has met the initial burden, the non-moving party must offer more than a mere scintilla of evidence to survive summary judgment. *Roger Whitmore's Auto Servs. v. Lake County, Ill.*, 424 F.3d 659, 667 (7th Cir. 2005). The non-moving party must produce specific facts showing there is a genuine issue of material fact, and that the moving party is not entitled to judgment as a matter of law. *Anderson* v. *Liberty Lobby, Inc*., 477 U.S. 242, 252 (1986). All evidence and inferences must be viewed in the light most favorable to the non-moving party. *Id.* at 255.

A party moving for summary judgment in this district must comply with Local Rule 56.1. N.D. ILL. R 56.1(a). Under the rule, the moving party is required to file a statement of material facts as to which the moving party contends there is no genuine issue and that entitles the moving party to a judgment as a matter of law. *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009); LR56.1(a)(3). The opposing party is required to file a response, which in

4

the event of a disagreement, includes specific references to the affidavits, parts of the record, and any other supporting materials relied upon. *Cracco*, 559 F.3d at 632; N.D. ILL. R. 56.1(b)(3). When a responding party fails to dispute the facts set forth in the moving party's statement in the manner dictated by the rule, those facts are deemed admitted for purposes of the motion. *Cracco*, 559 F.3d at 632.

## DISCUSSION

**1. Count I – Procedural Due Process Violation**

To establish a procedural due process violation, a plaintiff must show: (1) a cognizable property interest; (2) a deprivation of that property interest; and (3) a denial of due process. *Moss v. Marion*, 473 F.3d 694, 700 (7th Cir. 2007). Plaintiffs rely upon *Club Misty, Inc. v. Laski*, 208 F.3d 615, 618 (7th Cir. 2000) and *Reed v. Shorewood*, 704 F.2d 943, 949 (7th Cir. 1983) for the proposition that a business owner's interest in the renewal of its liquor license is a property right for purposes of the Fourteenth Amendment. (Dkt. No. 55 pp. 10-11.) Defendants contend that Plaintiffs had no federally protected property right to a liquor license for a restaurant that closed prior to the filing of the renewal application. (Dkt. No. 59 pp. 3-6.) Defendants further argue that the Illinois Liquor Control Act requires the existence of a suitable place of business as a prerequisite to the issuance of a liquor license. (*Id.* at p. 6; 235 ILCS 5/6-1 ("[a]ny licensee may renew his license at the expiration thereof, provided he is then qualified to receive a license and the premises for which such renewal license is sought are suitable for such purpose").) As a result, Defendants argue that Plaintiffs were not entitled to any procedural due process. (Dkt. No. 56 pp. 3-6.)

Plaintiffs are correct that denying renewal to a liquor license holder without a hearing or other adjudication violates due process. *Pro's Sports Bar & Grill, Inc. v. City of Country Club*

5

*Hills*, 589 F.3d 865, 872 (7th Cir. 2009). "Once granted, an Illinois liquor license is a form of property within the meaning of the due process clause." *Id.* at 870. This interest extends to the license's annual renewal, and like revocation during the term of the license, requires cause and a hearing. *Id.* Plaintiffs were deprived of that property interest when the Village did not renew Plaintiffs' liquor license for 2008. Defendants purport to dispute Plaintiffs' claim that Defendants did not provide Plaintiffs with notice and a hearing. (Defs.' Resp. ¶ 57.) Defendants provided no evidentiary support for their assertion. (*Id.*) Consequently, the Court deems those facts admitted.

Plaintiffs have come forth with sufficient evidence to establish they were denied their procedural due process rights. This undisputed evidence demonstrates that: (1) Plaintiffs had a property interest in the renewal of their liquor license; (1) Plaintiffs were deprived of this property interest when their liquor license was not renewed for calendar year 2008; and (3) Plaintiffs were not provided with notice and a hearing concerning the non-renewal. Although Defendants may have had good cause to reject Plaintiffs' application because the Lansing restaurant was closed and thus "unsuitable," Defendants' failure to provide Plaintiffs with the procedural safeguards of notice and an opportunity to be heard violated Plaintiffs' rights under the due process clause of the Fourteenth Amendment.

Thus, the Court grants summary judgment in Plaintiffs' favor on Count I of the complaint.

### 2. Count II – Fifth Amendment Violation of the Takings Clause

Plaintiffs correctly argue that the Fifth Amendment prohibits governmental taking of private property without providing just compensation. (Dkt. No. 55 p. 10.) Plaintiffs allege that Defendants violated the Takings Clause by failing to renew Plaintiffs' liquor license for 2008. (*Id.* at p. 12.) Defendants stand on their argument that Plaintiffs had no property interest in the

6

license renewal because Plaintiffs' restaurant was closed at the time the renewal application was prepared. (Dkt. No. 59 pp. 3-6.) Plaintiffs have offered no authority, and the Court has found none, to support Plaintiffs' argument that their liquor license is considered private property within the meaning of the Takings Clause of the Fifth Amendment.

Whether a compensable taking has occurred is a question of law based on factual underpinnings. In evaluating whether governmental action constitutes a taking, a court must first determine whether the claimant has established a compensable property interest for purposes of the Fifth Amendment. *Pro-Eco, Inc. v. Bd. of Comm'rs*, 57 F.3d 505, 509 (7th Cir. 1995). Since the U.S. Constitution does not define or create property interests, courts must look to "existing rules or understandings," such as state law, to determine the scope of the property interest that was allegedly taken. *See, e.g., id.* at n.2; *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 576 (1972). Where intangible property rights such as government issued licenses or permits are at issue, courts evaluate the statutory schemes that created those rights. *See, e.g., Mpls. Taxi Owners Coalition, Inc. v. City of Mpls.,* 572 F.3d 502, 507 (8th Cir. 2009); *Members of the Peanut Quota Holders Ass'n, Inc. v. Garrett,* 421 F.3d 1323, 1330 (Fed. Cir. 2005); *United States v. Fuller*, 409 U.S. 488, 494 (1973). Courts look to the express statutory language or the presence of the traditional property rights of transferability and excludability to determine whether a compensable property interest exists.

Here, the Liquor Control Act specifically provides that a license "shall be purely a personal privilege," "shall not constitute property," and "nor shall it be alienable or transferable." 235 ILCS 5/6-1 (West 2010). This language evidences a legislative intent that no compensable property right be created in a liquor license. Plaintiffs attempt to establish such a right by asserting that Defendants "authorized and sanctioned" the transfer to Plaintiffs of the

7

liquor license held by Moeller Lanes in 1995. (Dkt. No. 55 p. 12.) Yet Plaintiffs' liquor license was subject to the aforementioned limitations and did not carry with it any additional privileges or freedom from the Defendants' authority. The Court concludes that the Plaintiffs' liquor license was not private property for purposes of the Takings Clause. Therefore, the Court grants summary judgment in favor of the Defendants on Count II of the complaint.

### 3. Count III – Equal Protection Violation (Moeller Lanes)

In Count III, Plaintiffs allege an equal protection claim based upon a "class of one" asserting that the Village allowed Moeller Lanes to renew its liquor license when that business was closed. (Dkt. No. 1 pp. 10-11.) Both parties acknowledge that the Seventh Circuit case law in this area is unsettled and that the Seventh Circuit has articulated two different formulations for proving a "class of one" equal protection violation. (Dkt. No. 59 pp. 6-7; Dkt. No. 62 pp. 10-11.) Under one formulation, a plaintiff must establish that: (1) a state actor intentionally treated plaintiff differently than others similarly situated; and (2) there is no rational basis for the difference in treatment. *Srail v. Village of Lisle*, 588 F.3d 940, 943 (7th Cir. 2009). A second formulation requires a plaintiff to establish that: (1) a state actor intentionally treated the plaintiff differently than others similarly situated; and (2) the state actor possessed an illegitimate animus against plaintiff. *Lunini v. Grayeb*, 395 F.3d 761, 768 (7th Cir. 2005).

Defendants argue they are entitled to summary judgment on Count III because Plaintiffs cannot show that Defendants were motivated by illegal animus to deny Plaintiffs' license renewal or that Plaintiffs were treated any differently than similarly situated individuals. Defendants claim a lack of animus towards Plaintiffs because Defendant Podgorski renewed Plaintiffs' liquor license for 2007 after having told Defendant Karen Jesso that she made him "look like a fool." (Dkt. No. 59 p. 8.) Defendants also claim that the fact that Plaintiffs'

8

Lansing location was closed at the time the renewal application was submitted and the fact that the application contained false information provided Defendants with a rational basis for the non-renewal. (*Id.* at pp. 7-9.)

Plaintiffs argue that Defendants are not entitled to summary judgment on this count because genuine issues of material fact exist. (Dkt. No. 62 p. 10.) Plaintiffs have come forward with evidence demonstrating Defendant Podgorski's animus toward Plaintiff Karen Jesso continued beyond the renewal of the 2007 license and evidence that Moeller Lanes was allowed to renew its liquor license despite the fact that its operations had permanently ceased. (*Id*. at pp. 12-13.) Given these factual disputes and the dearth of evidence submitted by either party as to the circumstances surrounding the renewal of Moeller Lane's local liquor license when that business was closed, the Court has insufficient evidence upon which to base a summary judgment finding. Accordingly, this Court denies Defendants' motion for summary judgment on Count III.

   **4. Count IV – Equal Protection Violation (Pipes and Pizza Restaurant)**

In Count IV, Plaintiffs assert a "class of one" equal protection violation alleging that Plaintiffs were treated differently than Pipes and Pizza Restaurant with no rational basis for the treatment other than Defendant Podgorski's illegal animus for Plaintiffs. (Dkt. No. pp 12-13.) Plaintiffs assert factual disputes preclude granting Defendants summary judgment on Count IV. (Dkt. No. 62 p. 10.) The Court agrees. As with Count III, the Court finds that the existence of factual disputes and a lack of sufficient evidence demonstrate that summary judgment is not proper. Therefore, the Court denies Defendants' motion for summary judgment on Count IV.

## **CONCLUSION**

For the foregoing reasons, the Court grants in part and denies in part, Plaintiffs' Motion for Summary Judgment. The Court also grants in part and denies in part, Defendants' Motion for Summary Judgment. The Court enters summary judgment for Plaintiffs on Count I and further enters summary judgment for Defendants on Count II. The Court denies all other requested relief.

IT IS SO ORDERED.
Dated: December 14, 2010

_____
Honorable Sharon Johnson Coleman
United States District Court